## GOLDSCHNEIDER v. J. RHEINFRANK CO.

(Supreme Court, Appellate Term.   December 22, 1911.)

1. MUNICIPAL CORPORATIONS (§ 705*)—RUNAWAY HORSE—INJURY TO PROPERTY —PERSONAL INJURIES—NEGLIGENCE—KNOWLEDGE OF PREVIOUS CHARACTER.

   The owner of an animal is not responsible for personal injuries caused by its vicious propensities, where he had no previous notice of them, so that where, in an action for a window broken by a horse which ran away while in charge of a competent driver, there is neither a showing that the owner in fact had knowledge of a tendency to run away, or of facts sufficient to charge him with such knowledge, there is no negligence shown which will sustain a recovery.

   [Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. § 1515; Dec. Dig. § 705.*]

2. ANIMALS (§ 70*)—PERSONAL INJURIES—KNOWLEDGE OF PREVIOUS CHARACTER.

   A knowledge of the owner of an animal of vicious tendencies, which will render him responsible for an injury caused thereby, may be imputed to him on proof of prior acts of a similar kind committed by the animal, of which the owner had notice, or it may be imputed from its known dangerous character.

   [Ed. Note.—For other cases, see Animals, Cent. Dig. §§ 228–237; Dec. Dig. § 70.*]

Appeal from Municipal Court, Borough of Manhattan, Fourth District.

Action by Louis Goldschneider against the J. Rheinfrank Company. From a judgment for plaintiff, defendant appeals. Reversed, and new trial granted.

Argued before GIEGERICH, LEHMAN, and PENDLETON, JJ.

William C. Relyea, for appellant.

Samuel C. Cohen, for respondent.

LEHMAN, J.   A horse owned by the defendant and driven by one of his servants ran away, broke the plaintiff's show window, and damaged its contents.   The driver was a young man 21 years of age who had been employed as a driver for 2 years and had been in defendant's employ for some weeks.

[1] There is no evidence that the driver was not competent.   He had his reins in his hands, and no negligence on his part has been shown.   He had never driven this particular horse before; but, unless the defendant had reason to believe that this horse had some vicious tendencies, it was not negligent on defendant's part to intrust the horse to this driver.

"The general principles which govern the liability of the owner of domestic animals for personal injury caused by them are well settled. The owner is not responsible for an injury to another, caused by kicking, biting, or other vicious propensity of such animal, unless the dangerous character of the animal was known to the owner. Such knowledge may be brought home to him by proof of prior acts of a similar kind to that charged in the complaint committed by the animal, of which the owner had notice, or it may be

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

imputed from its known dangerous character, as in the case of a ferocious Siberian bloodhound, kept by the owner for the protection of his premises, but allowed to be at large." Benoit v. Troy & Lansingburgh R. R. Co., 154 N. Y. 223, 225, 48 N. E. 524.

It was held in the same case that no negligence on the part of a driver is shown by the mere fact of the horses running away, and that in the absence of proof of negligence on the part of the driver employed by the owner there can be no recovery unless the accident is shown to be the result of some dangerous character of the horse, and knowledge of such dangerous character is brought home to the owner by proof of prior acts showing this dangerous character.

[2] In this case the horse was apparently frightened by a "squeaky" whistle of an elevated train directly over his head. It was also shown that the horse was somewhat nervous and required a tight rein. These circumstances are perhaps sufficient to raise a question whether or not the horse had a dangerous character, but to sustain a recovery the plaintiff must go further and show facts sufficient to allow the court to infer that the owner had knowledge of this character. I have searched the record, but find it bare of such facts. Certainly the mere fact that it was shown that it had a hard mouth and required a tight rein is insufficient. The defendant had owned this horse for six months, during which time it was kind and gentle and had never shied, run away, bitten, or kicked. The defendant had received no complaints about its behavior.

Under these circumstances, the judgment must be reversed, and a new trial granted, with costs to appellant to abide the event. All concur.